**Motions Disposed, Briefs Stricken, and Order filed August 1, 2017**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00113-CV

_____

## IN THE MATTER OF THE MARRIAGE OF CARRIE HOLLOMAN SLAGLE AND ALAN PAUL SLAGLE

**On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 76596-F**

## ORDER

Appellant filed his brief on May 19, 2017. The brief and appendices total 400 pages. On July 26, 2017, appellant filed a motion for leave to file an amended brief, a motion to exceed the word count limitation for briefs, an amended motion to exceed the word count limitation, and a 740-page document containing appellant's amended brief and appendices.

The following list identifies the major violations common to both briefs:[1]

---

[1] Appellant's original brief contained more violations that were remedied in the amended brief.

1. According to the certificate of compliance, the brief contains more than 31,000 words, more than double the 15,000-word limit for opening briefs. *See* Tex. R. App. P. 9.4(i)(2)(B).

2. The brief does not contain an index of authorities. Tex. R. App. P. 1(c).

3. The section entitled "Statement of the Case" spans more than three pages in the original brief and thirty-one pages in the amended brief. It consists of a narrative about the parties' marriage and divorce. The statement of the case must "concisely state the nature of the case . . . , the course of proceedings, and the trial court's disposition of the case." Tex. R. App. P. 38.1(d). A statement of the case "should be supported by record references, should seldom exceed one-half page, and should not discuss the facts." *Id.*

4. Both briefs contain a multi-page discussion entitled, "The Issue." The amended brief also lists twenty "Issues Presented for Review." It is not clear from either brief what legal errors appellant is challenging. Tex. R. App. P. 38.1(f).

5. The original brief does not contain a summary of the argument, which must be a "succinct, clear, and accurate statement of the arguments made in the body of the brief." Tex. R. App. P. 38.1(h). The amended brief's "Summary of the Argument" section begins at page 127 of the brief, spans more than fourteen pages, and follows more than sixty pages of argument.

6. In those sixty pages of argument, the amended brief contains no citations to case law and only a few citations to rules. Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). The original brief likewise cited no authority except a few rules.

7. The appendices to the amended brief total nearly 600 pages and contain

numerous items outside the clerk's record and reporter's record, which may not be included in an appendix. Tex. R. App. P. 38.1(k). In addition, items may not be included in an appendix to attempt to avoid the page limits for the brief. *Id.*

If the court determines that Rule 38 has been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. Tex. R. App. P. 38.9(a). If the court determines, before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly presented in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case. Tex. R. App. P. 38.9(b).

Accordingly, we order as follows:

- Appellant's original brief, filed May 19, 2017, is STRICKEN.

- Appellant's amended brief, filed July 26, 2017, is STRICKEN.

- Appellant's motion to exceed the word limit is DENIED AS MOOT.

- Appellant's amended motion to exceed the word limit is DENIED AS MOOT.

- Appellant's motion for leave to amend is DENIED AS MOOT to the extent it seeks leave to file the particular amended brief stricken by this order.

- Appellant is ordered to file a brief that complies with the Texas Rules of Appellate Procedure by **August 21, 2017**.

If appellant files another brief that does not comply with Texas Rule of Appellate Procedure 38.1, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief. Tex. R. App. P.

38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, we may dismiss the appeal for want of prosecution.

**Any motion by appellant to extend time to file the brief or to exceed the word limitations of Tex. R. App. P. 9.4(i)(2)(B) will be regarded with extreme disfavor.**

PER CURIAM

Panel consists of Justices Jamison, Busby, and Donovan.